IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DANIEL ERIC COBBLE, | : | |
| Plaintiff | : | |
| VS. | : | CIVIL ACTION NO. 5:08-CV-461 (HL) |
| ROBERT W. CHASTEEN, JR., Judge, Wilcox County Superior Court, | : | |
| Defendant | : | |
| | : | **ORDER** |

Plaintiff **DANIEL ERIC COBBLE,** presently incarcerated at Smith State Prison in Glennville, Georgia, has filed *pro se* action that he entitled: "Application for a Discretionary Appeal of a Mandamus." Plaintiff has also sought leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).

The Prison Litigation Reform Act provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g)

The Eleventh Circuit has concluded that §1915(g) does not violate the following: The doctrine of separation of powers; an inmate's right of access to the courts; an inmates right to due process of law; or an inmates right to equal protection. Accordingly, the Eleventh Circuit has upheld the constitutionality of §1915(g). ***Rivera v. Allin***, 144 F.3d 719, 721-27 (11th Cir. 1998).

A review of court records reveals plaintiff has a prolific filing history. At present, at least three of these complaints or appeals have been dismissed as frivolous pursuant to 28 U.S.C. § 1915:

*Cobble v. Brown,* 1:04-CV-1150-CAM (N. D. Ga. May 13, 2004); *Cobble v. Ward*, 1:04-CV-560-CAM (N. D. Ga. March 31, 2004); *Cobble v. Cobb County Police Dep't*, 1:02-CV-2821-CAM (N.D. Ga. Nov. 7, 2002).

Because plaintiff has had at least three prior dismissals, he cannot proceed *in forma pauperis* in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception of § 1915(g). Plaintiff has not made such a showing.

The Court also notes that plaintiff may not appeal a ruling from the Georgia Supreme Court (or any other state court) to this Court. Moreover, federal mandamus is available only "to compel an officer or employee of the United States ... to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Petitioner seeks to mandamus a state court judge, not a federal officer or employee within the meaning of 28 U.S.C. § 1361. A district court simply has no power to issue a Writ of Mandamus against a state employee or state officer. *See Noe v. Metropolitan Atlanta Rapid Transit Auth.*, 485 F. Supp. 501, 504 (N.D. Ga. 1980), *aff'd*, 644 F.2d 434 (11th Cir.), *reh'g denied*, 650 F.2d 284, *cert. denied*, 454 U.S. 1126 (1981). Finally, to any extent that plaintiff is seeking release from prison, he would need to file a 28 U.S.C. § 2254 action, after he has exhausted his state court remedies. It appears that plaintiff currently is pursuing state habeas court relief. This Court declines to construe the instant action as a habeas corpus petition seeking collateral relief. *See Castro v. United States*, 540 U.S. 375, 382 (2003)(disfavoring *sua sponte* re-characterization of an action as one seeking collateral relief under 28 U.S.C. § 2255).

Based on the above, plaintiff's request to proceed *in forma pauperis* is **DENIED** and the instant action is **DISMISSED** without prejudice. If plaintiff wishes to bring a new civil rights action against this defendant, he may do so by submitting new complaint forms and the entire $350.00 filing fee at the time of filing the complaint.[1] However, as explained above, plaintiff should keep in mind

---

[1] In *Dupree v. Palmer*, 284 F.3d 1234 (11th Cir. 2002), the Eleventh Circuit held that a prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status, he must pay

that he may not appeal a ruling from a state court to this Court.

**SO ORDERED**, this 5th day of January, 2009.

> *s/  Hugh Lawson*
> HUGH LAWSON
> UNITED STATES DISTRICT JUDGE

lnb

---

the filing fee at the time he initiates the suit.